Steven **BLAIR**

v.

The **UNITED STATES.**

No. 478–84C.

United States Claims Court.

Aug. 18, 1986.

Howard J. De Nike, San Francisco, Cal., for plaintiff.

Van Teasley, with whom were Asst. Atty. Gen. Richard K. Willard, David M. Cohen, and Thomas W. Petersen, Washington, D.C., for defendant. Lt. Mark S. Williams, Office of the Judge Advocate Gen., U.S. Naval Reserve, of counsel.

## ORDER

### ON PLAINTIFF'S APPLICATION FOR ATTORNEY FEES

WHITE, Senior Judge.

On September 19, 1984, the plaintiff, Steven Blair, a former enlisted man in the Navy, filed in this court a complaint alleging that the Navy wrongfully separated him from the service, on November 18, 1983, without any disability pay, despite the fact that the plaintiff was suffering from a chronic, incurable condition known as Crohn's Disease. The complaint sought a judgment against the United States for "all medical retired pay and allowances" to which the plaintiff might be entitled.

On November 19, 1984, the defendant filed a motion asking for a stay of the court proceedings through February 17, 1985, in order that the plaintiff might continue his effort to obtain administrative relief from the Navy Department. This motion was allowed by the court on November 20, 1984.

The defendant's answer, which was filed on February 19, 1985, admitted that the plaintiff was physically unfit for duty at the time of his honorable discharge from the Navy, and that the physical disability was due to Crohn's Disease. The answer denied, however, that the plaintiff was entitled to any medical retired pay and allowances.

Later, the plaintiff requested on June 27, 1985, and obtained from the court on July 16, 1985, a further stay of court proceedings through October 26, 1985, in order that the proceedings for administrative relief might be completed.

On October 29, 1985, a stipulation of dismissal was filed by the parties, the plaintiff having in the meantime received from the Navy Department the relief that he had requested from the court. The complaint was dismissed by the court pursuant to the stipulation.

### Administrative Proceedings

The plaintiff enlisted in the Navy on June 18, 1979. During the plaintiff's enlistment, but while he was absent without leave from the Navy, the plaintiff was hospitalized for Crohn's Disease at Elko General Hospital, Elko, Nevada, on December 16, 1982.

On January 8, 1983, the plaintiff was transferred to the Naval Regional Medical Center in Oakland, California. On February 10, 1983, the Medical Board at the Center concluded that the plaintiff had Crohn's Disease, and that he had acquired the disease after the plaintiff's enlistment in the Navy.

The Medical Board at the Center referred the plaintiff's case to the Central Physical Evaluation Board (CPEB). The latter

Board, on July 12, 1983, found the plaintiff to be physically unfit for active duty, but ineligible for disability pay because the plaintiff (according to the CPEB) incurred Crohn's Disease during an unauthorized absence from the Navy.

On September 1, 1983, pursuant to the plaintiff's request, the Regional Physical Evaluation Board heard the plaintiff's case, but made the same determination as the Central Physical Evaluation Board.

The plaintiff next submitted a rebuttal to the Navy Physical Review Council in Washington, D.C., on September 19, 1983. On October 20, 1983, the Navy Physical Review Council made the same determination as had previously been made by the Central Physical Evaluation Board and the Regional Physical Evaluation Board.

On October 20, 1983, the plaintiff, in effect, took an appeal to the Secretary of the Navy from the adverse decisions of the boards previously mentioned.

While the plaintiff's appeal to the Secretary of the Navy was pending, the plaintiff filed his complaint in this court on September 19, 1984. After the case was filed, but before the court took any action on the case, other than the granting of stays pursuant to motions from the defendant, an Assistant Secretary of the Navy on April 19, 1985, granted the plaintiff the relief requested by him. The parties thereupon filed with the court a stipulation of dismissal, and the complaint was dismissed.

The plaintiff then filed the pending application for attorney fees and expenses.

### Discussion

The United States Claims Court has jurisdiction under the Equal Access to Justice Act to award attorney fees and expenses in connection with cases commenced after October 1, 1982 (*Essex Electrical Engineers, Inc. v. United States*, 757 F.2d 247, 250–52 (Fed.Cir.1985)), as well as those cases initiated in the United States Court of Claims before October 1, 1982 (*Ellis v. United States*, 711 F.2d 1571 (Fed.Cir.1983)).

The Equal Access to Justice Act provides in relevant part that:

Except as otherwise specifically provided by statute, a court shall award to a *prevailing party* other than the United States fees and other expenses, * * * unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. [28 U.S.C. § 2412(d)(1)(A) (1982); emphasis supplied.]

■ In passing upon the plaintiff's application for attorney fees and expenses, it is first necessary to consider whether the plaintiff was the "prevailing party" in this case.

It appears that neither party "prevailed" over the other before the court, as the court did not render a judgment in favor of either party. Actually, there were no adversary proceedings of any sort before the court. The role of the court was limited to passing upon certain unopposed motions of a procedural nature, pending the completion of the administrative proceedings.

The parties' efforts to resolve the problem of the plaintiff's entitlement to disability pay and allowances were wholly expended in the administrative arena. The plaintiff did "prevail" in the administrative arena, as he was ultimately able to receive from the Navy Department the relief which he desired.

■ The United States Court of Appeals for the Federal Circuit, however, has held that the Equal Access to Justice Act applies to civil actions in federal courts, and does not encompass administrative agency actions. *Broad Avenue Laundry & Tailoring v. United States*, 693 F.2d 1387, 1390 (Fed.Cir.1982); *see also Morris Mechanical Enterprises, Inc. v. United States*, 728 F.2d 497, 498 (Fed.Cir.1984). Thus, prevailing in an administrative proceeding does not provide the essential foundation for the recovery of attorney fees and expenses under the Equal Access to Justice Act.

*Conclusion*

For the reasons previously stated, the court concludes that, as the plaintiff was not a prevailing party in this litigated case, he is not entitled to an award of attorney fees and expenses under the Equal Access to Justice Act.

Accordingly, the plaintiff's application is denied.

No costs.

IT IS SO ORDERED.