**LEVERNIER CONSTRUCTION, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 531–87C.

United States Claims Court.

Jan. 8, 1991.

Patrick A. Sullivan, Spokane, Wash., attorney of record, for plaintiff.

John E. Kosloske, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## OPINION

REGINALD W. GIBSON, Judge.

*Introduction*

This case comes before the court on plaintiff's motion for reconsideration of the

court's opinion of October 30, 1990, and the judgment entered thereon that same day, which allowed in part and denied in part plaintiff's application for attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (1988 ed.) (EAJA). In its motion, plaintiff asks the court to reconsider that portion of the court's opinion which denied recovery of virtually all of the $43,170.86 claimed expenses for a construction claims consultant, on the ground that the charges were insufficiently documented. Over defendant's strenuous objection, the court permitted plaintiff to file with its motion for reconsideration an itemized statement (*i.e.*, computer printout) from the construction consultant purporting to substantiate the claimed items, which statement had *not* been previously submitted to the court.

For the reasons set forth below, the court concludes that although the newly-submitted statement comes closer to satisfying the EAJA's documentation requirements than did the original EAJA application, said statement nevertheless to some extent falls short of the required contemporaneous itemized record *sufficiently specific and explicit* to permit this court to make a reasonable determination as to the statutory appropriateness of each and every line-item. Accordingly, plaintiff's motion for reconsideration is granted, with the proviso that the court will reduce the claimed consultant fee, due to the failure of the plaintiff to carry its burden, by 30%, or $12,520.91.

### Facts

The underlying facts are set out in detail in the court's earlier opinion, *Levernier Constr. v. United States*, 21 Cl.Ct. 683 (1990), and are recounted here to the extent necessary.

Plaintiff Levernier Construction, Inc. (Levernier) contracted with the United States Air Force (Air Force), under contract no. F45613–84–C0024, to build a new commissary facility at Fairchild Air Force Base, Washington. The contract was for a firm fixed price of $7,633,000. During the construction, numerous disputes arose concerning compensation for extra work, rework, alleged defective specifications, and increased costs due to delays allegedly caused by the government.

On February 10, 1986, Levernier submitted a detailed request for an equitable adjustment to the contracting officer, seeking an additional $884,597. The claim was prepared by the Earl Nelson Corporation, a consulting firm specializing in construction contract claims, and contained 23 separate claim items grouped into seven categories. In a perfunctory final decision rendered October 30, 1986, which merely recited the amount sought for each claim and the amount allowed, the contracting officer awarded Levernier $141,142.

On August 26, 1987, Levernier appealed the contracting officer's decision to this court under the Contract Disputes Act, 41 U.S.C. § 609(a)(1), praying for $839,998 in its complaint. In the spring of 1989, the parties met in Washington, D.C. for settlement negotiations, which proved successful. Prior to trial and prior to the filing of any dispositive motions, the parties filed a stipulation for the entry of judgment in favor of plaintiff in the amount of $305,-552. Under the stipulation, the judgment was to be "exclusive of any fees and expenses to which plaintiff may be entitled under the Equal Access to Justice Act, 28 U.S.C. § 2412." On August 4, 1989, plaintiff filed an application for attorney fees and expenses under the EAJA, seeking $60,633 in attorney fees, $43,170.86 in consulting fees, and $10,542.99 in expenses, or a total of $114,346.85.

The EAJA, 28 U.S.C. § 2412, provides in relevant part:

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that

the position of the United States was substantially justified or that special circumstances make an award unjust.

(B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed....

(2) For purposes of this subsection—

(A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case....

\* \* \* \* \* \*

(E) "civil action brought ... against the United States" includes an appeal by a party ... from a decision of a contracting officer....

On October 30, 1990, the court ruled that plaintiff was entitled under the EAJA to recover a total of $38,164.17 in fees and expenses. With regard to the recoverability of consultant fees under 28 U.S.C. § 2412(d)(1)(A) and (2)(A), the court rejected defendant's argument that such fees were not recoverable in this case because they were incurred at the administrative level. The court held that the consultant's preparation of the detailed claim submitted to the contracting officer turned out to be an absolute necessity in the civil action, insofar as Levernier would not have achieved the successful settlement it did had it not convinced the government that its position was well-grounded in fact and in law. In other words, had Levernier not incurred the consultant fees at the administrative level, it would have incurred the fees in the subsequent civil action, and the court declined to impose an inflexible rule

that would discourage contractors from presenting their best case to the contracting officer. At 690–91. Moreover, this court reads the words "civil action" under § 2412(d)(1)(A) ("in any civil action *including* proceedings for judicial review of agency action") and as defined in § 2412(d)(2)(E) (civil action "*includes* an appeal ... from a decision of a contracting officer"), given the words "including" and "includes," not to manifest words of limitation restricting circumstances under which such expenses may be recovered but rather words simply illustrating examples of such entitlements. (Emphasis added.)

The court went on to hold:

[N]otwithstanding the foregoing, the court is compelled, on the facts here, to deny recovery of $42,384.61 ($43,170.86—$786.25) of the consultant fees due to insufficient documentation of the charges. More specifically, the consultant's statement, purporting to justify and substantiate the charge of $43,170.86, blandly summarizes over 1,300 man-hours of work. Set forth below is a typical entry from the consultant's statement for services rendered for a *three-month* period:

Professional services and expenses Dec. 1, 1985 through Feb. 28, 1986.

Meetings and telecons with Paul and Bernie Levernier and Lyn Rasmussen. Analyze and prepare exhibits, charts, costs, equipment rates interest, inefficiency report, labor and production, etc. for the Request for an Equitable Adjustment.

153.50 hours

Under RUSCC 81(e)(1), which governs applications for attorney fees and expenses pursuant to the EAJA, "[e]ach item *must be separately stated and supported*" (emphasis added). The consultant's statement clearly runs afoul of this basic rule, which ensures that when the court is required to make a determination of recoverable fees and expenses, it has an appropriate and detailed record from which it can determine those fees and expenses that are *reasonable* and *necessary*.

In *Naporano Iron & Metal Co. v. United States*, 825 F.2d 403, 404 (Fed. Cir.1987), the Court of Appeals for the Federal Circuit ruled that under the EAJA, *contemporaneous records* of the amount of time spent by an attorney and usual billing rates are *necessary* in order to determine the reasonableness of the charges. Consistent therewith, we note that Levernier's *attorneys* kept such records regarding legal fees. Unfortunately, the same did not obtain, as required, with respect to plaintiff's consultant. The court believes that the requirement of contemporaneous records applies with equal force to Levernier's consultant's fees. Yet, the consultant's statement simply contains broad, vague, and general entries covering three-month periods, such as the one set forth above. From said statement submitted, it is not possible for the court to determine whether any of the consultant's fee charges are reasonable and adequately supported....

However, the court will allow the recovery of the expense associated with the consultant's deposition on December 2, 1988, as well as compensation for the consultant's preparation for the deposition. Those expenses were necessarily incurred *in the civil action,* and the court is satisfied that the 9.25 hours claimed in connection with the deposition were reasonable.

21 Cl.Ct. at 691–92 (emphases in original).

Following the court's ruling, plaintiff filed a timely motion for reconsideration under RUSCC 59. Plaintiff represented to the court that the contemporaneous itemized records of the consulting firm were stored electronically, and were available upon the filing of the EAJA application for submission to the court. By leave of the court, plaintiff filed a computer printout of the consultant's records purporting to document the consultant fee of $43,170.86, along with the affidavit of Earl Nelson attesting to the accuracy of the statement. The printout consists of *15 pages and over 400 line-item entries,* recording the date each activity was performed and the person who performed it. Most of the explicated line-items are five words or less in length, and a considerable number are three words or less.

## Positions of the parties

### Plaintiff

Plaintiff asserts that the court has the discretion to allow the submission of additional information to cure explanatory deficiencies in an application for fees and expenses under the EAJA. Plaintiff further contends that any *initial* substantiating deficiencies should be excused, since it is statutorily entitled to recover consultant fees and such fees have now been adequately substantiated. Plaintiff also suggested, at a status conference held December 18, 1990, that the court might compare the original claim, prepared by the consultant and submitted to the contracting officer, with the supplementary documentation, in order for the court to better understand what work was performed by the consultant.

### Defendant

Defendant points out that traditionally the Claims Court has not been hospitable to motions for reconsideration, and strongly objects to allowing Levernier to submit additional documentation in support of its application for EAJA fees and expenses. According to defendant, allowing such a submission impermissibly gives Levernier "a second bite at the apple." Defendant argues in the alternative that the court should disallow some $6,000 in claimed consulting fees, even in light of the additional documentation, as either unrelated to the claim or not reasonable and necessary for preparation of the claim. However, defendant clarified its position at the December 18, 1990 status conference, stating that the government was only "challeng[ing] what [it] underst[ood]." The court understands defendant's position to be that not even the additional documentation sufficiently explains, for purposes of the EAJA, the reasonableness and the necessity for each line-item allegedly performed by the consultant.

### Scope of the court's opinion

It is important initially to note what is *not* at issue under plaintiff's motion for

reconsideration. The court has already ruled that: (i) Levernier was the prevailing party for purposes of the EAJA; (ii) Levernier meets the statutory eligibility requirements for an EAJA award relative to net worth and number of employees; (iii) Levernier's EAJA application was timely filed; (iv) the government's position was not substantially justified and no special circumstances exist which would make an award unjust; and (v) notwithstanding the fact that the consultant fees were initially incurred at the administrative level, Levernier would be entitled to recover such fees under 28 U.S.C. § 2412(d)(1)(A), (2)(A), and (E) *if* they had been adequately documented, since the consultant's report was instrumental to the achievement of a favorable settlement of the Claims Court action and thus, such expense was reasonable and necessary (to the extent appropriately documented) to the prosecution of the civil action. Neither party asks the court to reexamine these conclusions at this stage.[1]

Thus, Levernier's motion for reconsideration presents two narrow issues. First, the court must determine—whether it may consider supplementary documentation and appropriately favorably modify its initial opinion in connection with an EAJA application, when the court has already issued its opinion and judgment based on proof originally submitted. Second, if the court concludes that it may consider such supplementary documentation, what is the amount Levernier may recover for consultant fees?

### Discussion

I. The propriety of allowing plaintiff to submit additional documentation

As a general matter, a motion for reconsideration is not intended to give an unhappy litigant an additional chance to sway the judge. *Weaver–Bailey Contractors v. United States,* 20 Cl.Ct. 158 (1990) (citing cases). On the other hand, the Claims Court may allow supplementation of a timely-filed EAJA application for fees and expenses in order to cure itemization defects. *See Cox Constr. Co. v. United States,* 17 Cl.Ct. 29, 34 (1989) (fee applicant given opportunity to cure itemization defects); *Skip Kirchdorfer, Inc. v. United States,* 16 Cl.Ct. 27, 33 (1988) (fee applicant could correct itemization defects even after court had already ruled on the issue of whether the government's position was substantially justified).[2]

The fact that the court has already issued an opinion and judgment has been entered thereon, and that the supplementary material thus comes by way of a motion for reconsideration, is irrelevant. In its opposition to Levernier's EAJA application, defendant did not argue in the alternative that even if the consultant fees were otherwise recoverable, the charges were not sufficiently supported by an itemized statement. In other words, the court denied virtually all of the claimed consultant charges on a basis not urged by defendant. Had plaintiff been put on notice by defendant's opposition that there might be a problem with the sufficiency of the documentation of the consultant charges, it could have simply included with its reply to defendant's opposition to the EAJA application the printout from the consultant, which is based on records that were in existence all along. The court simply assumed that the records included with the original application were the only records

---

1. At the December 18, 1990 status conference, defendant reiterated its earlier unsuccessful argument that consultant fees are not recoverable in this case because the fees were incurred during the proceedings before the contracting officer and, as such, cannot be considered to have been incurred "in the civil action." In the absence of a formal motion for reconsideration from defendant, the court has no occasion to revisit this issue.

2. *See also Dunn v. United States,* 775 F.2d 99, 104 (3d Cir.1985) (where original fee application was timely filed, and where there was no prejudice to the government, applicant would be permitted to supplement application to correct deficiencies in itemization of charges); *Public Citizen Health Research Group v. Young,* 700 F.Supp. 581, 587 (D.D.C.1988), *rev'd in part on other gds.,* 909 F.2d 546 (D.C.Cir.1990) (where attorney affidavits in support of fee application were insufficient to support the application, attorneys were permitted to file more detailed affidavits).

in existence, and therefore, the court did not request supplementation of the consultant's statement prior to issuing its ruling. Accordingly, the court will consider Levernier's supplement to its original submission.

II. The amount of consultant fees recoverable

■ Having determined that it will consider the additional documentation, the court now turns to the question of—how much, if any, of the previously disallowed consultant fees may be recovered by plaintiff in light of the supplementary submission and established precedent. To reiterate, § 2412(d)(2)(A) requires that plaintiff establish that subject expenses are *"reasonable cost[s] ... which [are] found by the court to be necessary* for the preparation of the party's case," and RUSCC 81(e)(1) burdens plaintiff to show that "[e]ach item [is] ... separately stated and *supported"* (emphasis added).

In furtherance of the foregoing, case law holds that the EAJA applicant has the threshold burden of documenting its entitlement " 'in a manner that will enable a reviewing court to identify distinct claims,' " but such recordkeeping requirements should not be imposed in a draconian manner. *Action on Smoking and Health v. Civil Aeronautics Board,* 724 F.2d 211, 220 (D.C.Cir.1984), quoting *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). In other words, "deficiencies in documentation are cause for reduction rather than outright denial of fees." *Action on Smoking and Health,* 724 F.2d at 220. Nevertheless, sufficient documentary *detail is needed* in order to determine whether claimed expenses are reasonable for any individual item.

As noted above, the 15-page computer printout, based on contemporaneous records kept by the Earl Nelson Corporation, contains *over 400 line-items.* Typical of the activities performed by the consultant, according to plaintiff, were visits to the construction site, conferences with the Leverniers, preparation of correspondence, entering data into a computer, and running computer programs.

Unfortunately, the hundreds of line-items in the printout contain overly vague and/or cryptic descriptions of activities performed, replete with numerous unexplained abbreviations. Many of the line-items contain descriptions of less than five words, and are simply unintelligible, at least to the court. Plaintiff failed to attach a glossary to said statement. Set forth below are the line-item entries for November 20, 1985. The following entries are exemplary of the entire 15-page statement:

| Date | Employee | Description | Hours |
|------|----------|-------------|-------|
| 09/10/85 | Nelson, Earl | Work on request | 1.20 |
| 10/09/85 | Schmit, Patty | I/P TC's. | 2.00 |
| 10/09/85 | Zamora, Francisco | Report setup | 0.75 |
| 10/11/85 | Juhlin, Kim | I/P certified P/R | 0.25 |
| 10/31/85 | Nelson, Earl | TCT Paul L. | 0.20 |
| 11/05/85 | Nelson, Earl | TCF Lyn R. | 0.20 |
| 11/11/85 | Nelson, Earl | TCT Paul L. | 0.25 |
| 11/20/85 | Juhlin, Kim | I/P Ineff. factors | 0.25 |
| 11/26/85 | Schmit, Patty | I/P 11 Cert. P/R's. | 3.00 |
| 11/27/85 | Juhlin, Kim | P/P Plots. | 1.50 |
| 12/11/85 | Nelson, Earl | Preparation | 2.00 |
| 12/12/85 | Nelson, Earl | Preparation | 2.00 |
| 12/13/85 | Nelson, Earl | Preparation | 2.00 |
| 01/06/86 | Nelson, Earl | Report revisions | 2.70 |
| 01/06/86 | Schmit, Patty | I/P certified P/R's. | 1.50 |
| 01/28/86 | Nee, Ruby | Run reports | 0.50 |
| 01/30/86 | George, Rhea | Revisions to narrative | 5.25 |
| 02/07/86 | Nelson, Earl | TCT Paul L. | 0.10 |
| 02/18/86 | Bilas, Kurt | Missing page. | 0.50 |
| 02/24/86 | Nee, Ruby | Run plots. | 1.75 |

| Date | Employee | Description | Hours |
|------|----------|-------------|-------|
| 04/09/86 | Bilas, Kurt | Prep. backup for audit. O/C w/Earl & Ruby. | 9.75 |
| 04/09/86 | Hewitt, Tracey | Type anticipated OH. | 0.25 |
| 04/10/86 | Bilas, Kurt | Prep. backup for audit. O/C w/Earl. | 6.00 |
| 04/10/86 | Nee, Ruby | Finalizing equipment | 7.00. |

In an effort to simplify the court's task of evaluating the reasonableness and necessity of the consultant's charges, Levernier's attorneys prepared a two-page summary of the more than 400 line-item entries. Unfortunately, the summary compounds or exacerbates the court's difficulty in determining whether the statement meets the requirements of 28 U.S.C. § 2412(d)(2)(A) and RUSCC 81(e)(1). This is so because the two-page summary, consisting of seven categories of costs, simply aggregates the hours regarding those more than 400 line-items on one line under the seven categories, and multiplies said hours by an hourly rate. The product of the two, *i.e.*, hours × rate, is then extended for the cost under each of the seven categories. Finally, the seven extended products are simply added to obtain the total costs ($41,-736.39) claimed for the consultant's report. Notwithstanding the foregoing, the court is still faced with two problems. First, as is readily apparent, the court has no creditable way of determining with precision under which of the seven categories each and every one of the hours related to the 400 line-items has been aggregated. And secondly, the recasting of more than 400 descriptive actions under seven esoterical categories in no way aids the court in making a determination of—(i) the reasonableness and necessity of the costs "[in] preparation of the [plaintiff's] case" as provided in § 2412(d)(2)(A), and (ii) the requisite "support[ ]" as required by RUSCC 81(e)(1). It is apparent that the problem here stems from the fact that said terse and abbreviated statement was prepared by the consultants to document activity charges to Levernier, and not this court pursuant to the EAJA.

This case is somewhat similar to that of *Naporano Iron & Metal Co. v. United States*, 825 F.2d 403 (Fed.Cir.1987), where an EAJA applicant submitted an *insufficiently* documented statement of attorney fees in support of its EAJA application. While, at bar, plaintiff submitted a detailed statement in support of consulting expenses (15 pages with more than 400 line-items), as previously noted, the descriptive data to a substantial number of the 400 items were vague, uninformative, and otherwise insufficient to enable this court to discern the specific activities performed. This circumstance precludes the court from applying the criteria of § 2412(d)(2)(A) and RUSCC 81(e)(1) with respect to the apparent deficiently-described items. Moreover, as the Court of Appeals for the Federal Circuit stated in *Naporano*, 825 F.2d at 404–405:

> Only by knowing the specific task performed can the reasonableness of ... any individual item be judged. The statute does not permit an interpretation that an unreasonable charge for an item is somehow made reasonable by the total amount requested ... *The statutory consent to ... awards requires specificity for an award to be made at all. ... [Moreover] the Claims Court [has no] obligation to reconstruct the [charges for plaintiff]*.

(emphasis added).

In making its fee determination, "a court is not required to become enmeshed in a meticulous analysis of every detailed facet of the professional representation." *Sierra Club v. Mullen*, 619 F.Supp. 1244, 1251 (D.D.C.1985) (citations omitted). At the same time, it must be emphasized that what the consultant apparently did was of considerable value to plaintiff's success in this case. Indeed, the court has already concluded that the consultant's preparation of the claim was perhaps the single most important element in helping Levernier achieve the settlement it did. In that re-

spect, Levernier's retention of a construction claim consultant was certainly reasonable and necessary to its success. Thus, the operative inquiry, against this background, is *what portion of the claimed consultant charges were reasonable and necessary for the preparation of Levernier's case*, based on the consultant's partially deficient contemporaneous billing records.

In emphasizing that the EAJA "record-keeping requirement should *not* be imposed in a draconian manner," the Court of Appeals for the District of Columbia Circuit stated in *Action on Smoking and Health*, 724 F.2d at 220, that:

> Total denial of requested fees as a purely prophylactic measure ... is a stringent sanction, to be reserved for only the most severe of situations, and appropriately invoked only in very limited circumstances. Outright denial may be justified when the party seeking fees declines to proffer any substantiation in the form of affidavits, timesheets or the like, or when the application is grossly or intolerably exaggerated, or manifestly filed in bad faith.

(quoting *Jordan v. Department of Justice*, 691 F.2d 514, 518 (D.C.Cir.1982)). In light of the supplementary documentation (detailed but not explicit) supplied by Levernier, this case is clearly not one of the "most severe of situations" warranting outright denial of the fee request. Thus, this court finds that it would be unduly harsh, on the facts here, to fail to allow a substantial portion of the claimed amount.

"Where the documentation of hours [in an application for attorney fees and costs] is inadequate, the [trial] court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. at 433, 103 S.Ct. at 1939.[3] Furthermore, "the [trial] court has discretion in determining the amount of the fee

award." 461 U.S. at 437, 103 S.Ct. at 1941. Mindful of the Supreme Court's admonition that "[a] request for attorney's fees should not result in a second major litigation," *id.*, the court believes that there is an urgent need to end this matter without further ado.[4]

The Court of Appeals for the District of Columbia Circuit was recently faced with an EAJA application supported by insufficient documentation, where the court could not determine with a "high degree of certainty" that the hours billed were reasonable. *Raton Gas Transmission Co. v. Federal Energy Regulatory Comm'n*, 891 F.2d 323, 331 (D.C.Cir.1989). While the issue in the case at bar is *primarily* the descriptive activity rather than reasonableness of hours claimed, the issue nevertheless is the sufficiency of the documentation. In its discretion, the court in *Raton Gas Transmission Co.*, relying on *Hensley v. Eckerhart*, "trim[med] by 25 percent the amount of the fees requested." *Id.* Given the foregoing, and on an analogous rationale as explicated in *Raton Gas Transmission Co.*, this court will exercise its discretion and reduce by 30% the amount of consultant fees recoverable at bar.

In arriving at the reasonableness of the appropriate percentage by which the claimed consultant charges should be reduced, the court has examined each of the hundreds of line-item entries. Where the description of the activity is vague or unintelligible, the court deemed the documentation of the activity to be insufficient. This is appropriate because plaintiff "should [have] maintain[ed] ... records in a manner that will enable a reviewing court to identify distinct claims." *Raton Gas Transmission Co.*, 891 F.2d at 330.

In its supplementary submission, plaintiff allocates $41,736.39 to the services of the consultant, and $648.23 to expenses of

---

**3.** Although *Hensley* involved an application for attorney fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, the court stated that the standards set forth in *Hensley* "are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" 461 U.S. at 433 n. 7, 103 S.Ct. at 1939 n. 7.

**4.** "Ideally, of course, litigants will settle the amount of the fee." *Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941. At the December 18, 1990 status conference, the court urged the parties to settle the fee dispute, but defendant declined the court's entreaties.

the consultant.[5] The expenses consist of photocopying, reproduction of blueprints, and charges for travel. Just as such expenses, when incurred by an attorney, are recoverable under the EAJA, *see* 21 Cl.Ct. at 692–93, so too are they recoverable when they are incurred by a consultant whose services are otherwise compensable under the EAJA. Thus, the court will reduce by 30% $41,736.38 of the consultant's charge (*i.e.*, $43,170.86 less $786.25 allowed *in full* in the *initial opinion* and $648.23 allowed *here in full*) or $12,520.91.

### Conclusion

Plaintiff's motion for reconsideration is granted. In light of the supplementary submission of the billing records of the Earl Nelson Corporation, the court hereby awards plaintiff $30,649.95 ($43,170.86 less $12,520.91) in consulting fees and related expenses. The October 30, 1990 judgment of the court is VACATED to the extent it is at variance with the foregoing. The Clerk is directed to enter judgment in favor of plaintiff in the amount of $68,814.12 ($38,-164.17 originally awarded in attorney fees and costs, plus $30,649.95 in consultant expenses).

IT IS SO ORDERED.

---

5. The court notes that Levernier's supplementary submission contains a $0.01 computational error: $43,170.86 originally claimed, less $786.25 awarded, equals $42,384.61, whereas the supplementary submission claims $41,-736.39 for services plus $648.23 in expenses, or $42,384.62.