**LEVERNIER CONSTRUCTION, INC., Plaintiff–Appellee,**

v.

**The UNITED STATES, Defendant– Appellant.**

**No. 91–5058.**

United States Court of Appeals, Federal Circuit.

Oct. 22, 1991.

Beverly L. Anderson, Winston & Cashatt, Spokane, Wash., argued for plaintiff-appellee. Patrick A. Sullivan, Winston & Cashatt, Spokane, Wash., was on the brief.

John E. Kosloske, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for defendant-appellant. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Asst. Director.

Before MICHEL and PLAGER, Circuit Judges, and BENNETT, Senior Circuit Judge.

## DECISION

BENNETT, Senior Circuit Judge.

The United States (Government) appeals from the judgment of the United States Claims Court, *Levernier Constr., Inc. v. United States*, 21 Cl.Ct. 683 (1990) (*Levernier I*), as amended in 22 Cl.Ct. 247 (1991) (*Levernier II*). The Claims Court held that the fees incurred by a construction contract claim consultant for the preparation of an equitable adjustment claim which was submitted to the contracting officer before the institution of suit in the Claims Court were recoverable under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (1988). The Claims Court awarded Levernier Construction, Inc. (Levernier), the consultant fees, finding that the consultant's report was "necessary for the preparation of [Levernier's] case," 28 U.S.C. § 2412(d)(2)(A). The Claims Court further applied a cost-of-living adjustment (COLA) to the hourly rates claimed for paralegals and attorneys whose time was normally billed at or below the EAJA $75 per hour threshold. We reverse.

## BACKGROUND

Levernier Construction, Inc., contracted with the Government for the construction of a commissary facility at Fairchild Air Force Base in Spokane, Washington, for $7.63 million. After completing the project, appellee submitted an equitable adjustment claim in the amount of $884,597. The claim was prepared by appellee's construction litigation consultant, the Earl Nelson Corporation. The contracting officer allowed only $141,142 of the claim after which appellee brought suit in the Claims Court under the Contract Disputes Act, 41 U.S.C. § 609(a)(1) (CDA).

The Government agreed to settle the claim with Levernier for the sum of $305,552 plus interest, exclusive of EAJA fees and expenses. Upon the parties' stipulation for entry of judgment, the Claims Court entered judgment on July 10, 1989, for Levernier in the agreed amount. Levernier then applied to the Claims Court for $60,633 in attorney's fees, $43,170.86 in consultant fees and expenses and $10,542.99 for other expenses. The Claims Court decided that Levernier was entitled to an award of fees and costs under the EAJA as a prevailing party (28 U.S.C. § 2412(d)(1)(A)), but only in the amount of $38,164.17. This amount represented the statutory maximum $75 per hour attorney fee rate with an 18% cost-of-living adjustment (COLA), which the Claims Court also applied to the time of paralegal employees and others involved whose pay did not exceed $75 per hour. The Claims Court did

not award Levernier attorney's fees and expenses incurred before the date of the contracting officer's final decision, which included the claimed consultant fees, expenses and costs. The court ruled that the consultant's report was "the critical aid that facilitated the successful resolution of Levernier's case," and that, but for Levernier's failure to "reasonably document its claim by separately *detailing* and supporting each activity with *specific* assigned hours," the court would have been "constrained to allow [the consultant fees] pursuant to 28 U.S.C. § 2412(d)(1) and (2)(A)." *Levernier I,* 21 Cl.Ct. at 691 (emphasis in original).

Levernier filed a Fed.R.Civ.P. 59(e) motion for reconsideration of the part of its EAJA award which denied the majority of the claimed consultant fees and expenses. Over the Government's objection, the Claims Court allowed Levernier to submit with its motion supplementary documentation not previously in the record which gave an itemized breakdown of consultant billing. The Claims Court then directed the entry of a revised judgment, granting appellee's motion for reconsideration and holding that appellee was entitled to recover an additional $30,649.95 in consultant fees and expenses. The Claims Court again recognized that the consultant fee requests were, in part, insufficiently documented, but found "that it would be unduly harsh, on the facts here, to fail to allow a substantial portion of the claimed amount," *Levernier II,* 22 Cl.Ct. at 254, and that "the EAJA 'recordkeeping requirement should *not* be imposed in a draconian manner.'" *Id.* (quoting *Action on Smoking and Health v. Civil Aeronautics Bd.,* 724 F.2d 211, 220 (D.C.Cir.1984) (emphasis in original)). Looking again to the D.C. Circuit, the Claims Court relied on *Raton Gas Transmission Co. v. Federal Energy Regulatory Comm'n,* 891 F.2d 323 (D.C.Cir.1989), which had, because of a similar documentation insufficiency, discretionarily trimmed requested EAJA fees by 25%. Citing *Raton,* the court granted the plaintiff its requested consultant fees minus 30% (resulting in a consultant fee award of $30,649.95). *Id.* The Government appealed.

## DISCUSSION

### I. Standard of Review

Following the general rule established in *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), this court typically reviews a trial court's award of fees and expenses under the EAJA for an abuse of discretion. However, before a trial judge may exercise that discretion by interpreting the facts in light of the statutory standard, he or she must show that the case properly falls within the statute's framework. Failure to correctly make this showing is legal error, which we review *de novo.*

### II. Consultant Fees

[redacted] This case hinges on a question of statutory interpretation. Section 2412(d)(1)(A) of Title 28 states that "a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action...." Section 2412(d)(2)(A) defines "fees and other expenses" for the purposes of the EAJA as "the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney's fees...." [1] Before analyzing whether the consultant fees incurred in this case fall under § 2412(d)(2)(A)'s definition of "fees and expenses," we must first establish whether, under § 2412(d)(1)(A), the proceedings involved in this case qualify as a "civil action."

1. The list of possible expenses in § 2412(d)(2)(A) is not exclusive, but is set forth only to provide examples. *See International Woodworkers of Am., AFL–CIO, Local 3–98 v. Donovan,* 792 F.2d 762, 767 (9th Cir.1986).

### A. "Civil Action"

The term "civil action" is not generally defined in the EAJA, although the statute does give clues as to its scope. *See* 28 U.S.C. § 2412(d)(1)(A); § 2412(d)(2)(E). The Government argues for a strict, literal interpretation of "civil action," stating that given its plain, ordinary meaning, this term applies only to proceedings *in court.* The Government maintains that the consultant fees cannot be recovered because they were incurred in an administrative agency action (dealing with an agency contracting officer) and not in a judicial proceeding. The Government also argues that because the EAJA is largely silent as to the interpretation of "civil action," we may not imply any increase in scope from the legislative silence. Levernier agrees that Congress' silence is important, but states that "nothing in the statute precludes the award of expenses incurred prior to the actual filing of a complaint," and thus the trial judge's interpretation of the statutory scheme is appropriate.

The Government relies on three Claims Court cases for the proposition that § 2412 does not authorize the recovery of fees and expenses incurred during proceedings before an agency contracting officer under the CDA: *Cox Constr. Co. v. United States,* 17 Cl.Ct. 29 (1989); *Keyava Constr. Co. v. United States,* 15 Cl.Ct. 135 (1988); and *United Constr. Co. v. United States,* 11 Cl.Ct. 597 (1987). The Claims Court attempted to distinguish these cases in its initial opinion, 21 Cl.Ct. at 689–91, and Levernier argues that these cases only stand for the proposition that *attorney's fees* incurred before a contracting officer may not be recovered.

In *United Constr.,* the Claims Court stated as a general proposition that:

an EAJA award compensates a prevailing party only for costs and attorneys' fees and expenses incurred in a civil suit or agency adjudication, including an appeal to a contract board of appeals, not those incurred during administrative consideration of a claim before litigation. 5 U.S.C. § 504(a)(1) (fees and expenses in agency adjudication); 28 U.S.C. § 2412(d)(1)(A) (fees and expenses in civil action); § 2412(d)(2)(E) (civil action includes appeal to agency board of contract appeals).

*United Constr.,* 11 Cl.Ct. at 599. In *Keyava,* the Claims Court held that a general engineering contractor which had won in a breach of contract action could not recover attorney's fees in connection with the prosecution of its claim before the contracting officer, finding that there was no legal basis for recovery of attorneys fees and expenses incurred in this context. The Claims Court stated:

The term "civil action" refers to a court proceeding, including "an appeal ... from a decision of a contracting officer." 28 U.S.C. § 2412(d)(2)(E). It does not, however, include the administrative process that precedes issuance of a final decision by a contracting officer. *United Constr. Co. v. United States,* 11 Cl. Ct. 597, 599 (1987). The term "adversary adjudication" is defined to include three types of proceedings: (1) an adjudication under 5 U.S.C. § 554, (2) an appeal to a contract board of appeals pursuant to 41 U.S.C. § 607, and (3) a hearing conducted under Chapter 38 of Title 31. 5 U.S.C. § 504(b)(1)(C). The contracting officer's consideration of plaintiff's certified claim involved none of these proceedings.

Thus, while the position of the contracting officer in resolving a certified claim can be relevant to the issue of whether the position of the United States was substantially justified, EAJA does not entitle a prevailing party to recovery of fees and expenses incurred during prosecution of that claim before the contracting officer.

*Keyava,* 15 Cl.Ct. at 138.

In *Cox,* the contractor sought recovery of fees and expenses which predated the commencement of the litigation in the Claims Court. The court stated:

It is well-established that EAJA authorizes a prevailing party's recovery of only such fees and expenses as were incurred in "civil actions" (28 U.S.C. § 2412(d)(1)(A)) and agency "adversary adjudications" (5 U.S.C. § 504(a)(1)).

The Act does not permit recovery of those fees and expenses attendant to plaintiff's "prosecution of its certified claim before the contracting officer." *Keyava Constr. Co. v. United States*, 15 Cl.Ct. 135, 138 (1988). Nor can a successful EAJA applicant recover "those [fees otherwise] incurred during administrative consideration of a claim before litigation." *United Constr. Co. v. United States*, 11 Cl.Ct. 597, 599 (1987). Accordingly, the portion of Cox's application that seeks recovery of such sums must be denied as a matter of law.[2]

[2] Defendant suggests that the only pre-complaint efforts for which EAJA would permit compensation are those related to drafting the complaint (Def.Opp. at 31). We disagree. Certainly fees for legal and factual research preparatory to Claims Court litigation constitute "fees ... incurred by [a] party in [a] civil action." 28 U.S.C. § 2412(d)(1)(A).

17 Cl.Ct. at 33–34.

Levernier states that the language of footnote 2 in *Cox* "establishes the practical conclusion that some expenses must be incurred before the actual filing of a complaint, and recovery of them is appropriate under EAJA." In the first phrase he is correct, but in the second phrase he errs. It does not necessarily follow that because some expenses are necessarily incurred before the filing of the complaint that they are recoverable under the EAJA. The language of the footnote is narrowly limited only to "fees for legal and factual research preparatory to Claims Court litigation." Further, as is evident from these excerpts, in contrast to Levernier's argument, all three of these cases deal with attorneys fees *and* expenses.

Further cases have reached the same conclusion as *Cox, Keyava* and *United Constr.* In *Spinks v. United States*, 4 Cl.Ct. 723 (1984), the plaintiff sought EAJA recovery of fees and expenses for proceedings in Virginia state court and before the Army Board for the Correction of Military Records (ABCMR). The Claims Court ruled that the plaintiff could not recover fees and expenses incurred before these bodies.[2] Also, the Claims Court in *Blair v. United States*, 10 Cl.Ct. 614, 616 (1986), imputing to this court a definitive position on this issue, stated:

> The United States Court of Appeals for the Federal Circuit ... has held that the Equal Access to Justice Act applies to civil actions in federal courts, and does not encompass administrative agency actions. *Broad Avenue Laundry & Tailoring v. United States*, 693 F.2d 1387, 1390 (Fed.Cir.1982); *see also Morris Mechanical Enterprises, Inc. v. United States*, 728 F.2d 497, 498 (Fed.Cir.1984). Thus prevailing in an administrative proceeding does not provide the essential foundation for the recovery of attorney fees and expenses under the Equal Access to Justice Act.

Cited by Levernier in its standard of review argument for the proposition that allowability of certain fees is an issue requiring the Claims Court to exercise its discretion, this court in *Oliveira v. United States*, 827 F.2d 735, 744 (Fed.Cir.1987), also stated on this issue:

> We interpret 28 U.S.C. § 2412 to mean that the trial court, in its discretion, may award only those reasonable and necessary expenses of an attorney incurred or paid *in preparation for trial of the specific case before the court*, which expenses are those customarily charged to the client where the case is tried.... In contrast, expenses of an attorney that are not incurred or expended *solely or exclusively in connection with the case before the court*, or which expenses the court finds to be unreasonable or unnecessary in the pending litigation, cannot be awarded under the EAJA.

(footnote omitted) (emphasis added).

The 1985 amendments to the EAJA, as alluded to in *Keyava* and *United Constr.*, buttress this court's position. Although

---

2. The Claims Court also held, with regard to fees and expenses sought for proceedings before the Claims Court, that "[r]ecovery should be denied for proceedings in this court instituted prior to administrative action, unless the administrative action was the product of judicial intervention or the favorable agency administrative action could not, or likely would not, have occurred without the filing of a lawsuit." *Spinks v. United States*, 4 Cl.Ct. 723, 727 (1984).

the EAJA does not provide a comprehensive definition of the term "civil action," section 2412(d)(2)(E) was amended to provide that "civil action brought by or against the United States" includes "an appeal by a party, other than the United States, from a decision of a contracting officer rendered pursuant to a disputes clause in a contract with the Government or pursuant to the Contract Disputes Act of 1978." Also in 1985, § 2412(d)(1)(A) was amended to further define "civil action," by adding the clarification "including proceedings for judicial review of agency action." Both of these amendments to the EAJA show that, at its earliest, EAJA coverage may begin after the decision of and in pursuit of an appeal from the decision of a contracting officer.

The trial judge erred in *Levernier I* by ruling that even though the consultant fees were incurred at the administrative level (and thus not in a "civil action"), Levernier would be entitled to recover those fees. The court employed the wrong analysis, keying on the "necessary for the preparation of a party's case" language instead of determining first whether the fees were incurred in a "civil action."[3] The court reached the correct result in *Levernier I* (that consultant fees could not be awarded) but for the wrong reasons (the lack of specificity of the consultant's claimed time despite the "necessity" of the consultant's report to Levernier's success). Then, in the reconsideration decision (*Levernier II*), the trial judge compounded his error by allowing Levernier to recover the consultant fees under the rubric of being reasonable, flexible and "non-draconian." *Levernier II*, 22 Cl.Ct. at 254.[4]

**3.** In finding that the trial judge erred by not directly addressing the interpretation of "civil action," we need not review his analysis of the "necessary for the preparation of a party's case" issue.

**4.** We do not here review the propriety of the trial judge's allowance of Levernier's supplemental documentation with its motion for reconsideration.

### B. The EAJA—A Waiver of Sovereign Immunity

The EAJA is a waiver of sovereign immunity which must be strictly construed. *See* H.R.Rep. No. 1418, 96th Cong., 2d Sess. 1, 8–9 (1980), *reprinted in* 1980 U.S.Code Cong. & Admin.News 4953, 4986–87. It "lifts the bar of sovereign immunity for award of fees in suits brought by litigants qualifying under the statute, [but] does so only to the extent explicitly and unequivocally provided." *Fidelity Constr. Co. v. United States*, 700 F.2d 1379, 1386 (Fed.Cir.), *cert. denied*, 464 U.S. 826, 104 S.Ct. 97, 78 L.Ed.2d 103 (1983). This court further stated in *Fidelity*, referring to the EAJA:

> In construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress. It is an error to suppose that the ordinary canons of statutory construction are to be applied in this context, if they would add anything to what Congress has expressly said. Where, as here, a party's argument is "hopelessly dependent on implication and negative inferences," it ultimately must fail. *Nibali v. United States*, 634 F.2d [494] at 497.

*Id.* at 1387.[5]

The Claims Court's interpretation of the EAJA was based on a laudable though misplaced desire to "do equity." The trial judge justified his result by stating that precluding recovery of consultant fees and expenses incurred by a contractor during the administrative portion of a claim proceeding would discourage settlement by inducing claimants to hedge their cases and present less than their best case to the

**5.** While the EAJA also waives the federal government's immunity from recovery of attorney's fees and expenses for adversarial administrative actions (5 U.S.C. § 504 (1988)), recovery of those fees and expenses is limited to "the agency that conducts [the] adversary adjudication." 5 U.S.C. § 504(a). Interpreting this provision, this court specifically held that § 504 does not bestow upon a board of contract appeals the authority to award attorney fees. *Fidelity Constr.*, 700 F.2d at 1386.

contracting officer. *Levernier I*, 21 Cl.Ct. at 691. The court stated:

> An inflexible rule that disallowed the recovery of reasonable consultant fees for a report which first is utilized at the administrative level but is an absolute necessity in proceeding in the civil action, merely because the fees were incurred in preparing a claim to be initially asserted to the contracting officer, might discourage contractors from presenting such professional and detailed claims. This, in turn, would have the adverse result of generating fewer settlements at the administrative level. For reasons of efficiency, we believe contractors should be encouraged to make their best case to the contracting officer.

*Id.* This rationale suggests and presupposes that when recovery for consultant fees before the contracting officer is disallowed, the claimant will use less than its best efforts to win the case and that contractors need incentives to present their best case to the contracting officer. This assumption appears to lack a logical basis. Clearly, a contractor is independently motivated to use his best efforts before the contracting officer by the possibility of informal proceeding conducted by a knowledgeable official the result of which could be the prompt, potential recovery of claimed amounts.

Because the EAJA as a waiver of sovereign immunity is to be strictly construed, "civil action" should be given, as the Government argues, its ordinary (and most restrictive) meaning to include only judicial proceedings. This interpretation is also consistent with the holdings of *Cox, Keyava* and *United Constr.* In order to find that "civil action" encompasses administrative actions before a contracting officer, one must engage in the type of implication and inference which is incongruous with the necessarily narrow construction of a waiver of sovereign immunity. Thus, in his attempt to be flexible and equitable, the trial judge set at naught essential canons of statutory interpretation for dealing with waivers of sovereign immunity. The Claims Court and this court are not free to

interpret the EAJA in any manner which is not based on the explicit congressional mandate. *See Fidelity*, 700 F.2d at 1387.

### III. Cost–Of–Living Adjustment To Paralegals' EAJA Pay

The Government asserts that it was error for the Claims Court to apply an 18% COLA to the hourly rates claimed by paralegals. Levernier argues that the Claims Court has the discretion to apply a COLA to paralegal fees which fall below the $75 per hour threshold and further, that "[t]he Court needs discretion in this instance to apply the cost-of-living increase to all legal professionals engaged in a case over a lengthy period."

 Clearly, the court may adjust the statutory cap governing the rate of attorneys fees upward to account for an increase in the cost of living. *Oliveira*, 827 F.2d at 742; 28 U.S.C. § 2412(d)(2)(A)(ii). However, the statute does not refer to COLAs for non-attorneys. The Government offers the most reasoned interpretation: that the language of § 2412(d)(2)(A) indicates that the general rule for awarding fees is that they are to be "based on the prevailing market rates for the kind and quality of services furnished" and that a COLA is only available for attorneys fees (under (d)(2)(A)(ii)) where the COLA justifies an award that exceeds the $75 per hour statutory cap. Thus, although the EAJA allows for the recovery of paralegal fees for whom the "prevailing market rate" is less than $75 per hour, neither the cap on those fees nor the fees themselves may be augmented by a COLA. The Claims Court erred in applying an 18% COLA to paralegal fees in this case.

### IV. Cost-of-Living-Increase to the Cap on Attorneys Fees Which Fees Do Not Exceed the EAJA Maximum Rate

 In addition to applying the COLA to paralegal fees, the Claims Court also applied the 18% COLA to the hourly rates of attorneys whose time was claimed at $75 per hour, and in doing so it erred. The EAJA allows for the recovery of fees of attorneys for whom the "prevailing market

rate" is not more than $75 per hour. 28 U.S.C. § 2412(d)(2)(A)(ii) ("attorney fees shall not be awarded in excess of $75 per hour...."). The COLA which the EAJA authorizes is an increase to the maximum rate allowed under the statute, not to the attorneys' prevailing market rate. *See Hirschey v. FERC*, 777 F.2d 1, 5 (D.C.Cir. 1985). Thus, the EAJA authorizes the award of the lower of either the prevailing market rate or $75 per hour plus a COLA or other enhancement.

In *Kunz Constr. Co. v. United States*, 16 Cl.Ct. 431, 439 (1989), *aff'd*, 899 F.2d 1227 (Fed.Cir.1990), the court did not apply a COLA to associate attorney amounts claimed because the claimed rates were "already *at or below EAJA's $75 limit*" (emphasis added). Here, because the actual billed rate of some of the attorneys did not exceed $75 per hour, a COLA cannot be applied. Thus, for those attorney fees claimed at $75 per hour, which appears to be the majority of attorney hours allowed in this case, *see* 21 Cl.Ct. at 694, the Claims Court erroneously added the COLA.

REVERSED.