PLAGER, Senior Circuit Judge,
dissenting.
The EAJA statute uses the phrase “reasonable attorney ... fees” to describe one element of the award that can be made under this fee-shifting statute.[1] Other than noting that such fees shall be based upon prevailing market rates, the statute itself is of little help in answering the question of whether and how an award for paralegal services may be compensated. In my view our role is not to pick an answer we prefer and distinguish away any law that is inconsistent with that answer. Rather, there is law on point that guides our decision and, in the absence of clear Congressional direction, provides an answer that is consistent and defensible as a matter of law. Accordingly I respectfully dissent.
First, the panel’s position is at variance with established Supreme Court law. The same question now before us was before the Court in Missouri v. Jenkins: does a *1382 fee-shifting statute that provides for “a reasonable attorney’s fee” authorize “compensating the work of ... paralegals ... at the market rates for their services, rather than at their cost to the attorney.” 491 U.S. 274, 284, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). Just as EAJA does not address the question in express terms, neither does section 1988 of the Civil Rights Attorney’s Fees Awards Act (42 U.S.C. § 1988), the statute at issue in Jenkins. Nevertheless, the Supreme Court’s answer to the question of whether fees for paralegals were included under the statute was an unequivocal yes. It is of course obvious that the statutes involved — EAJA in our case and § 1988 in the Jenkins case — are part of different statutory programs with different statutory purposes, but the underlying policy of the fee-shifting provisions is the same: to encourage the vindication of legal rights that otherwise might not be vindicated.
With regard to the scope of the phrase “reasonable attorney’s fee,” the Supreme Court explained:
Clearly, “a reasonable attorney’s fee” cannot have been meant to compensate only work performed personally by members of the bar. Rather, the term must refer to a reasonable fee for the work product of an attorney. Thus, the fee must take into account the work not only of attorneys, but also of ... others whose labor contributes to the work product for which an attorney bills her client.
Id. at 285, 109 S.Ct. 2463. The position taken by the panel majority in this case, that ‘reasonable attorney fees’ do not include the work of others who contribute to the work product of the attorney, echoes the view of the lone dissenter on this issue in Jenkins: “[T]he statute itself simply uses the very familiar term ‘a reasonable attorney’s fee,’ which to those untutored in the court’s linguistic juggling means a fee charged for services rendered by an individual who has been licensed to practice law.” Id. at 296, 109 S.Ct. 2463 (Rehnquist, C.J., dissenting). Whether linguistic juggling or not, the Supreme Court’s position on the meaning of the phrase ‘attorney’s fees’ in these fee-shifting statutes leaves little doubt as to how the phrase is to be understood.[2]
Second, in a case decided by this court in 1991, Levernier Construction, Inc. v. United States, 947 F.2d 497 (Fed.Cir.1991), one of the issues before the court was whether, in an award made under EAJA, a cost of living adjustment (COLA) could be applied to paralegal fees awarded at market rates. The court denied the award of the COLA. The court could have reached that result either by concluding that an award of paralegal fees at market rates was not available under EAJA, as the panel here concludes, or by concluding that, even though paralegal fees were awardable, the EAJA statute did not authorize an upward adjustment by way of a COLA. The court did the latter: “[A]l-though the EAJA allows for the recovery of paralegal fees for whom the ‘prevailing market rate’ is less than $75 per hour [the fee cap at that time], neither the cap on those fees nor the fees themselves may be augmented by a COLA.” Id. at 503. Though not analyzed in detail because the Government apparently conceded it, the court thus expressly addressed the issue of paralegal fees and stated its conclusion regarding it.
*1383 We can argue over the weight to be given to that conclusion. Though the issue was not argued by the parties, it necessarily was before the court. That predicate issue had to be decided before the COLA question could be; the consequence was to approve the award of paralegal fees, though without the COLA. This is not a passing dictum on which the case could be distinguished. I agree that an issue opined about that is not presented by the facts of the case, and neither argued nor discussed, is not a holding binding on later panels. The panel majority is of the view that whether the issue in Levemier was sufficiently or properly analyzed to their satisfaction is a question they should decide. My view is that for now Levemier stands as the law of this circuit, and, if it is to be ignored, especially in light of the Supreme Court’s position, that should be done by the court en banc, and not summarily by a panel decision.
Third, and finally, there are sound policy reasons for following Levemier and for adopting the Supreme Court’s take of the case, even if we thought we had a choice. As the Court noted, by encouraging the use of lower cost paralegals rather than attorneys wherever possible, permitting market-rate billing of paralegal hours encourages cost-effective delivery of legal services and, by reducing the spiraling cost of rights litigation, furthers the policies underlying such rights-vindicating statutes.[3] See Jenkins, 491 U.S. at 288, 109 S.Ct. 2463. This is the view of our sister circuit who addressed this same question both in the civil rights context and in the EAJA context, and concludes as I do,[4] and of the several Board of Contract Appeals decisions that allow recovery of paralegal services at market rates.[5]
Consistent with established law I would reverse the Board decision, and remand for the Board to determine whether local billing practices support a fee award for the paralegal services at market rates (see the discussion of this point in Jenkins, 491 U.S. at 285-87, 109 S.Ct. 2463), and what the award amount should be.

. 5 U.S.C. § 504(b)(1)(A).

. Seven of the eight justices who heard the case, including the two who dissented in part, joined the decision on paralegal fees.

. The question of whether caps should be imposed on the fees, and any "anomalies” that may result therefrom, is a question of legislative policy, not judicial rationalizing.

. Jean v. Nelson, 863 F.2d 759, 778 (11th Cir.1988).

.See e.g., Kumin Assocs., Inc., 98-2 BCA ¶ 30,008, LBCA No. 94-BCA-3, 1998 WL 633970 (1998) (citing and following Levemier); see also maj. op. at 1377 n. 6 (and cases cited therein).