**SCHERR CONSTRUCTION CO., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 90–554C.**

United States Claims Court.

May 28, 1992.

John T. Gassman, Valley City, N.D., for plaintiff.

Samuel C. Watkins, Washington, D.C., with whom was Asst. Atty. Gen., Stuart M. Gerson, for defendant.

## ORDER

NETTESHEIM, Judge.

This case is before the court on plaintiff's application for attorneys' fees under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(b) (1988), incurred in litigation against the Government in a contract dispute. Argument is deemed unnecessary.

## FACTS

The following facts are undisputed. On June 21, 1990, Scherr Construction Compa-

---

ny ("plaintiff") filed a complaint requesting relief from the United States Department of Agriculture—Soil Conservation Service's (the "USDA") partial termination and then final termination for convenience of Contract No. 50–6633–7–49. Plaintiff certified its claim at $58,684.33.

Following the death of plaintiff's project engineer in October 1990, plaintiff submitted a settlement offer to the USDA. The USDA did not respond to the offer for six months. At the end of the six-month period, plaintiff withdrew its offer, since its litigation costs had risen substantially because the USDA had failed to respond to plaintiff's offer. Plaintiff engaged the services of an Engineering firm, Metzger Engineering ("Metzger"), which prepared a report on damages that plaintiff sustained due to the contract termination.

The final settlement amount was $41,-000.00. On March 23, 1992, the Clerk of the Court entered judgment on the parties' Stipulation of Dismissal with prejudice.

On March 5, 1992, plaintiff filed its application for attorneys' fees pursuant to the EAJA. Plaintiff claims that it is eligible to receive an award under the EAJA because its "total gross receipts for all works performed in the most recent calendar year was $9,190,562.78, and Scherr's financial net worth is less than the limits established in EAJA...." Plf's Appl. filed Mar. 23, 1992, at 4. In support of this contention, plaintiff submitted an unaudited balance sheet.

To substantiate further its claim, plaintiff submitted invoices as proof of the expenses that it incurred. Plaintiff submitted three invoices from Metzger Engineering. The first, dated, April 15, 1991, is an invoice for charges for the month of March. It reads, as follows:

```
SCS—project
termination claim
37 hrs. @ $50.00            $1850.00
```

The second invoice, dated June 1, 1991, lists charges for April and May. This invoice reads, as follows:

```
79.5 hrs. @ $45.00         $3577.50
```

The third invoice from Metzger Engineering lists charges for June and July, breaking out the charges separately by month:

```
June   36.0 hr. @ $50.00   $1800.00
July   14.5 hr. @ $50.00   $ 725.00

                           $2525.00
```

The first two invoices have additional notations on them indicating that the invoice was paid by check. All invoices were signed by Joe Metzger.

In addition to the invoices from Metzger Engineering, plaintiff submitted an invoice from its counsel, John T. Glassman. That invoice sets out charges, as follows:

| | | |
|---|---|---|
| Review File and Draft Summons and Complaint | 14 June 1990 | 12 hours |
| Interview Robert Boone, Project Engineer for U.S.D.A. (in office) | 23 May 1990 | 2 hours |
| Interview David Lloyd, Project Engineer for Scherr (Scherr's office) | 23 May 1990 | .5 hour |
| Prepare Damage Calculation | 4 June 1990 | 2 hours |
| Draft Affidavits for Robert Boone and David Lloyd | 27 August 1990 | 9 hours |
| Review Production of Documents | 7 & 8 March 1991 | 10 hours |
| TOTAL | 35.5 hours × $75.00/hour | $2,662.50 |

The claim under the EAJA requests reimbursement for attorney fees ($2,662.50); engineering report ($7,952.50); and filing fee ($120.00). Defendant contests the award.

## DISCUSSION

■ The purpose of the EAJA is to lift the "bar of sovereign immunity for award of fees in suits brought by litigants qualifying under the statute." *Levernier Constr., Inc. v. United States*, 947 F.2d 497, 502 (Fed.Cir.1991). As a waiver of sovereign immunity, the Act must be strictly construed, allowing for the award of fees "only to the extent explicitly and unequivocally provided." *Id.* (quoting *Fidelity Constr. Co. v. United States*, 700 F.2d 1379, 1386 (Fed.Cir.), *cert. denied*, 464 U.S. 826, 104 S.Ct. 97, 78 L.Ed.2d 103 (1983)).

■ The EAJA provides that contemporaneous records of an attorney's time and billing rates, in addition to a breakdown of any expenses incurred by the attorney, are a requisite component of any EAJA fee application. 28 U.S.C. § 2412(d)(1)(B); *Naporano Iron and Metal Co. v. United States*, 825 F.2d 403, 404 (Fed.Cir.1987) ("In the absence of such an itemized statement, the court is unable to determine whether the hours, fees and expenses, are reasonable for an individual item.") (Citation omitted.) The requirement that expenses incurred be itemized specifically applies as well to claims for expert consultant fees. *Levernier Constr., Inc. v. United States*, 21 Cl.Ct. 683, 692–93 (1990), *vacated on reconsideration*, 22 Cl.Ct. 247, *reversed on other grounds*, 947 F.2d 497 (Fed.Cir.1991).

■ The requirements of the EAJA are addressed in the Rules of the United States Claims Court ("RUSCC"), specifically Rule 81. Rule 81(e)(1) provides that in any application for attorney fees and expenses pursuant to EAJA, "[e]ach item shall be separately stated and supported." Rule 81(e)(1) further provides that the application and all supporting documentation shall be under oath.

Defendant argues that the fee application should be denied for three reasons. First, defendant notes that the application and supporting documentation are not under oath, as required by RUSCC 81(e)(1). Second, defendant maintains that the invoices presented by plaintiff in support of the work performed by Metzger, acting as plaintiff's expert consultant, are deficient in that they fail to provide any itemization for particular activities performed by Metzger on plaintiff's behalf.[1] Third, defendant contends that the balance sheet provided by plaintiff provides no information to establish plaintiff's net worth for the purpose of determining whether plaintiff qualifies for an award under EAJA.

Defendant's positions are valid. First, the supporting documentation was not submitted under oath, a requirement of RUSCC 81(e)(1). Second, the Metzger invoices detailing merely the periods during which work was performed and the hourly and total charges are insufficient to establish the basis for an EAJA award. These invoices are entirely lacking in specificity. However, defendant incorrectly states that "[t]he supporting statements provided by Scherr are even more deficient than those that were disallowed as insufficient in *Naporano* and *Levernier*." Def's Br. filed Apr. 20, 1992, at 3–4. At worst, they are equally deficient as those in *Naporano* and *Levernier*.

The unaudited, qualified balance sheet provided by plaintiff [2] does not enable the

---

1. Defendant does not argue that the statement of attorneys' fees is insufficient to support an award of fees.

2. The accountant's accompanying cover letter dated September 25, 1991, reads:

We have compiled the accompanying balance sheets of Scherr Construction Company[, Inc.] as of June 30, 1991 and 1990, and the related statements of income and retained earnings for the six months then ended, in accordance with standards established by the American Institute of Certified Public Accountants.

A compilation is limited to presenting in the form of financial statements, information that is the representation of management. We have not audited or reviewed the accompany-

court to ascertain plaintiff's net worth, which plaintiff must establish as a predicate for an award under the EAJA. 28 U.S.C. § 2412(d)(2)(B). Net worth, for purposes of the EAJA, is calculated by subtracting total liabilities from total assets. *City of Brunswick v. United States,* 849 F.2d 501, 503 (11th Cir.1988), *cert. denied,* 489 U.S. 1053, 109 S.Ct. 1313, 103 L.Ed.2d 582 (1989). Plaintiff's balance sheet displays assets as equalling liabilities. The failure to submit information consistent with generally accepted accounting principles is fatal to plaintiff's application. *See Continental Web Press, Inc. v. NLRB,* 767 F.2d 321, 323 (7th Cir.1985).

The attorney invoice is presented with sufficient detail to be acceptable under the EAJA. That a billing statement details a monthly cycle of billing does not thwart the requirement that a statement of fees and expenses be contemporaneous with the work performed and costs incurred. Moreover, the attorney statement is sufficiently detailed.

The statutory consent to fee awards requires that all amounts claimed be specific for an award to be made at all. *Naporano,* 825 F.2d at 404–05. The court does not have the prerogative to award a lesser amount than the one claimed, when the overall application lacks specificity. In this case, however, had plaintiff established that it comes within the EAJA's limited coverage, the court would have awarded the separately billed attorneys' fees.

### CONCLUSION

For the foregoing reasons, plaintiff's application for an award of fees and costs pursuant to the EAJA is denied.

IT IS SO ORDERED.

ing financial statements, and accordingly, do not express an opinion or any other form of assurance on them.

Management has elected to omit substantially all of the disclosures, including the statements of cash flows, required by generally accepted accounting principles. If the omitted disclosures were included in the financial statements, they might influence the user's conclusions about the Company's financial position, results of operations, and changes in financial position. Accordingly, these financial statements are not designed for those who are not informed about such matters.