**DALY CONSTRUCTION, INC., Appellant,**

v.

**H. Lawrence GARRETT, III, Secretary of the Navy, Appellee.**

No. 92–1154.

United States Court of Appeals, Federal Circuit.

Sept. 15, 1993.

Michael F. Silberstein, Law Offices of Michael F. Silberstein, of San Rafael, CA, argued for appellant.

Virginia M. Lum, Atty., Commercial Litigation Branch, Dept. of Justice, of Washington, DC, argued for appellee. With her on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Asst. Director. Also on the brief was Richard L. Spector, Navy Public Works Center, Oakland, CA, of counsel.

Before NEWMAN, Circuit Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

Daly Construction, Inc. appeals the decision of the Armed Services Board of Contract Appeals,[1] denying Daly's claims arising from a government-caused delay of 518 days in contract performance, due to a defective specification. The Board held that Daly was not entitled to recover extended overhead for the period of the delay. We affirm.

*A. The Negotiations*

The 518 days were consumed after the discovery by Daly that the government's specification for a transformer was defective, and represents the time spent in remedying the defect, and in obtaining the requisite transformer meeting the corrected specification.

Representatives of Daly and the Navy negotiated the cost to Daly of the delay. At a negotiating meeting in February 1986 Daly representatives met with a team of three government representatives headed by Lt. Cdr. Corrigan, the supervisory contract administrator and himself a licensed contractor, who had been directed by Cdr. Martz to try to settle the matter. It was stipulated that "Cmdr. Martz had warrant and authority to bind the government to performance of contracts of this nature and amount." The representatives of Daly and the Navy agreed to compensation of about $34,000 in home office overhead over the delay period, and $2,013 in

direct costs incurred upon a specific delay during installation.

A formal contract modification was not issued. There ensued several inquiries by Daly and promises by the Navy. The Board referred to Lt. Cdr. Corrigan's statement to Daly on June 26, 1986 that the contract modification would be issued "within ten days": There was a similar letter to the Board dated June 30, 1986 from the Navy's counsel. In reliance on these promises Daly withdrew the appeal then pending before the Board. No formal contract modification was ever issued, and in December 1986 the Navy formally denied the claim. The Board held that no binding agreement had been made, and that Daly could not recover the negotiated amount.

Daly argues that the persons with whom it was negotiating had apparent authority to settle the matter, and that Daly acted reasonably in proceeding to perform the contract and in relying on the completed negotiations and the assurances on behalf of the Navy. There is no dispute as to the events. Whether there was a binding agreement flowing from this negotiation is a question of law. The Board's decision is thus not conclusive or final, and we give the issue plenary review, as required by the Contract Disputes Act, 41 U.S.C. § 609(b).

■ To recover on an express agreement with a government agency, the agreement must be in writing and signed by an authorized person. *Mil–Spec Contractors, Inc. v. United States,* 835 F.2d 865 (Fed.Cir.1987). We need not here discuss whether any circumstances might warrant departure from that standard, for as to this particular contract modification Daly, although poorly used by the pattern of lengthy negotiation, apparent agreement, unwarranted delay, and broken promises, was not deceived. Daly knew the government was not bound in contract until a formal written modification was executed.

---

1. *Daly Constr., Inc.,* ASBCA No. 34322, 92–1 B.C.A. (CCH) ¶ 24,469, 1991 WL 185208 (Sept. 18, 1991).

We affirm the Board's holding that no binding contract was made in settlement of Daly's claim. However, the government is not thereby excused from its obligation to compensate Daly for costs incurred due to agency-caused delay. As stated in *Chaney and James Construction Co. v. United States*, 421 F.2d 728, 732, 190 Ct.Cl. 699 (1970), a "delay due to defective or erroneous Government specifications [is] per se unreasonable and hence, compensable." The Board duly considered this obligation.

### B. Formula–Based Recovery for Extended Overhead

■ Daly sought to establish an equitable adjustment of its claim for extended overhead in accordance with the Eichleay formula. This formula is a method of calculating delay damages arising from a contractor's extended overhead. *See Eichleay Corp.*, ASBCA No. 5183, 60–2 B.C.A. (CCH) ¶ 2688, 1960 WL 538 (1960), *on reconsid'n*, 61–1 B.C.A. (CCH) ¶ 2894 (1961). *See also C.B.C. Enterprises, Inc. v. United States*, 978 F.2d 669 (Fed.Cir.1992); *Capital Elec. Co. v. United States*, 729 F.2d 743 (Fed.Cir.1984).

The Board held that in order to invoke the Eichleay formula Daly had to show that it was required reasonably to stand by during the period of delay without staff reduction and that it was impractical to take on additional jobs during this period. We agree that such a showing would warrant application of the Eichleay formula. As discussed in *C.B.C. Enterprises*, 978 F.2d at 674–75, the Eichleay formula is not applicable unless the contractor reasonably incurred extended overhead costs attributable to the delay.

Daly did not make such a showing. Although Daly states that there are about eighty specific records of overhead-type activity related to the defective specification, including letters, telephone calls, and faxes, this did not establish entitlement to full extended overhead by application of the Eichleay formula, applying the standard discussed in *C.B.C. Enterprises*. We affirm the Board's ruling that Daly is not entitled to recovery on this basis.

### C. Other Bases of Recovery

■ Daly is entitled to recover for the time and effort expended in cure of the defective specification and other costs attributable to this contract during the extended period of government-caused delay. *See Chaney and James Construction Co., supra.* We discern no basis for the Board's dismissal of these activities as "minimal". Indeed, Lt. Cdr. Corrigan testified to the contribution made by Daly in resolution of the defective specification, stating that he believed that Daly was entitled to recompense. There appears to have been no contradictory testimony.

■ However, the contractor has the burden of establishing its costs. The Defense Contract Audit Agency reported that Daly's activities relating to this contract during the delay period were not separately accounted. Daly did not attempt before the Board to reconstruct these activities and their cost, apparently relying on the volume and content of the correspondence and other records as evidence that the Eichleay formula should be applied.

Although a claimant need not prove its costs with "mathematical exactitude", *Wunderlich Contracting Co. v. United States*, 351 F.2d 956, 968–69, 173 Ct.Cl. 180 (1965), it was incumbent upon Daly to establish a reasonable method for computing the requested compensation. Daly stated at oral argument that its appeal was directed to its claim for Eichleay formula-based extended overhead. In view of our affirmance that entitlement on the basis of the Eichleay formula was not warranted, and absent any suggestion by Daly that an alternative computation should be pursued, we must affirm the Board's denial of compensation.

### D. The Direct Costs

During the negotiations discussed in Part A, *ante,* the sum of $2,013 was agreed to be the direct cost of a specific delay due to the government's failure to effect an electrical shutdown at the required time. This item was negotiated at the same time as the $34,000 for extended overhead.

The Board remarked that this item of direct cost was "settled or abandoned", and made no findings on the issue. On this ground the government declined to brief the issue as raised by Daly on appeal, the government stating that "the parties are still in settlement negotiations with regard to this claim". Daly stated, without apparent contradiction, that neither entitlement nor quantum has been in dispute for over seven years, and that no negotiations were taking place. Lt. Cdr. Corrigan had testified before the Board that the amount, and entitlement, had been agreed; there was no contrary statement in the record. This court at oral argument expressed its concern about the conflicting descriptions of the status of this matter.

The court has since been advised that this amount has been paid, without prejudice to the award of attorney fees. Daly may submit an appropriate petition under the Equal Access to Justice Act.

AFFIRMED.