ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Application Under the Equal Access to Justice Act of -- | ) ) ) | |
| Alderman Building Co., Inc. | ) ) | ASBCA No. 58082-EAJA |
| Under Contract No. N40085-09-D-5321 | ) | |

APPEARANCE FOR THE APPLICANT:      Marilyn H. David, Esq.
                                                                      D'Iberville, MS

APPEARANCES FOR THE GOVERNMENT:      Craig D. Jensen, Esq.
                                                                          Navy Chief Trial Attorney
                                                                       Russell Shultis, Esq.
                                                                       Genifer M. Tarkowski, Esq.
                                                                          Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE SHACKLEFORD
ON APPLICANT'S EQUAL ACCESS TO JUSTICE ACT APPLICATION[1]

Applicant, Alderman Building Co., Inc. (Alderman), submitted an Application for Award of Attorneys' Fees and Other Fees & Expenses under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504, as amended.  The underlying appeal arose from a sponsored subcontractor claim seeking unabsorbed home office overhead during government-caused delays.  *See Alderman Bldg. Co.*, ASBCA No. 58082, 20-1 BCA ¶ 37,613.  We assume familiarity with that decision.  We find that Alderman is an eligible, prevailing party, and that the government's position was not substantially justified.  Accordingly, we grant Alderman's application, but reduce the requested recovery amount.

BACKGROUND

The underlying appeal involved a March 27, 2009, task order for supplies or services under Contract No. N40085-09-D-5321 awarded to Alderman for renovations of the interior, repairs to building systems, and incidental work, on building M403 at Marine Corps Base Camp Lejeune, North Carolina.  *Id.* at 182,566.  Alderman entered into a subcontract with Big John's Electric Co. Inc. (Big John's), for labor, equipment, materials, and supplies for specified portions of the interior repairs to the building.  *Id.*

While the solicitation provided that the contract start date would be 10 days after award, we found that contract performance was characterized by repeated

_____

[1] Judge Alexander Younger, who authored the underlying decision on entitlement and quantum, has retired.

government-caused delays that aggregated to 263 days and pushed the start work date into February 2010. *Id.*

By letter dated August 18, 2011, Alderman submitted a pass-through claim for $20,518, on behalf of Big John's, for *Eichleay* damages. *Id.* at 182,568. While the appeal was pending, Alderman's proffered expert calculated that the correct amount of the claim should be $56,548. *Id.* The contracting officer (CO) denied the claim in its entirety. *Id.*

Our May 21, 2020, decision on the merits, found that Alderman was entitled to *Eichleay* damages. *Id.* at 182,574-76. While we found that the Navy did not explicitly require Alderman or Big John's to place their workforces on standby, Alderman demonstrated by indirect evidence that it had to place its forces on standby. *Id.* at 182,574-75. We also found that while Big John's made efforts to obtain replacement work, it was unable to obtain sufficient replacement work to compensate for the disruptive effect of the multiple delays. *Id.* 182,575-76. Accordingly, we found that Alderman was entitled to recover $34,795 for *Eichleay* damages. *Id.* at 182,576.

As a separate category of relief, we denied Alderman's contention, independent of the *Eichleay* formula, that it was entitled to $21,753 in direct costs of standby. *Id.*

DISCUSSION

To recover under the EAJA, an applicant must timely file its application, establish it is an eligible party as defined by the EAJA, and prove that it was a prevailing party in the underlying action. *Asia Commerce Network*, ASBCA No. 58623, 19-1 BCA ¶ 37,352 at 181,621 (citing *Rex Sys., Inc.*, ASBCA No. 52247, 02-1 BCA ¶ 31,760 at 156,854). An application may be denied if the government's position was substantially justified or when special circumstances make an award unjust. *Asia Commerce Network*, 19-1 BCA ¶ 37,352 at 181,621; *see also* 5 U.S.C. § 504(a)(1). As a partial waiver of sovereign immunity, the EAJA is to be strictly construed in favor of the United States. *Ardestani v. I.N.S.*, 502 U.S. 129,137 (1991).

*I. Timely Application*

An application under the EAJA must be filed within 30 days after the Board's disposition of the appeal has become final. 5 U.S.C. § 504(a)(2). The Board issued its decision on May 21, 2020. Read receipt email messages confirm that both Alderman and the Navy received the Board's decision on May 21, 2020. The Board received Alderman's EAJA application on June 22, 2020. Because this was within the 120 days permitted for an appeal of the decision plus the 30 days permitted for filing under the EAJA, we consider the application timely. *Benjamin S. Notkin & Assocs.*, ASBCA No. 29336, 87-1 BCA ¶ 19,483 at 98,455.

## II. Prevailing Party

The EAJA application must show that the applicant was the prevailing party. 5 U.S.C. § 504(a)(2). Alderman was the prevailing party in the underlying appeal. The Board sustained the appeal and determined that Alderman was entitled to recover $34,795. *Alderman*, 20-1 BCA ¶ 37,613 at 182,576. The government's response to the EAJA application also concedes that Alderman was the prevailing party (gov't resp. at 2).

## III. Eligibility

The EAJA application must also show that the applicant is eligible to receive an award. 5 U.S.C. § 504(a)(2). "A party is generally eligible for consideration of an award of costs under the EAJA if it is an entity having a net worth of no more than $7,000,000 and no more than 500 employees at the time the adversary adjudication was initiated." *K&K Indus., Inc.*, ASBCA No. 61189, 19-1 BCA ¶ 37,353 at 181,627; *see also* 5 U.S.C. § 504(b)(1)(B)(ii). "Net worth is determined by subtracting an applicant's total liabilities from its total assets." *Kostmayer Constr., LLC*, ASBCA No. 55053, 09-2 BCA ¶ 34,302 at 169,440 (citing *Broaddus v. United States Army Corps of Engineers*, 380 F.3d 162, 167 (4th Cir. 2004)).

Alderman initiated the underlying appeal in April 2012. In order to demonstrate its net worth at that time, Alderman submitted copies of its Form 1120-S, U.S. Income Tax Return for an S Corporation, from 2011 and 2012 with its EAJA application (app. br., exs. 4-5). The Schedule L, Balance Sheets, on these returns show Alderman's net worth is below the statutory threshold on each return (*id.* at 44, 48). Alderman also submitted an affidavit from its President in 2012 attesting that its maximum number of employees never exceeded 50 employees (app. br., ex. 3).[2] There is no apparent objection from the government regarding Alderman's exhibits. After review of the documents, we are satisfied that Alderman is an eligible party.

## IV. Substantial Justification

An application may be denied if the government's position was substantially justified or when special circumstances make an award unjust. *Asia Commerce Network*, 19-1 BCA ¶ 37,352 at 181,621; 5 U.S.C. § 504(a)(1). "The government bears the burden to show that its position was substantially justified." *K&K Indus., Inc.*, 19-1 BCA ¶ 37,353 at 181,628 (citing *Amaratek*, ASBCA Nos. 59149, 59395, 15-1 BCA ¶ 35,866 at 175,348). In order to prevail, the government must "demonstrate that 'a reasonable person could think [the government's position is] correct, that is [that] it has a reasonable basis in law and fact.'" *Pro-Built Constr. Firm*, ASBCA No. 59278, 18-1 BCA ¶ 36,975 at 180,116

---

[2] Alderman also submitted an affidavit, tax returns, and payroll history summary pertaining to its subcontractor demonstrating that Big John's also qualifies as an eligible party (app. br., exs. 6-9).

(quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). "Substantial justification applies to the entirety of the litigation position and not just the posture on individual issues." *K&K Indus.*, 19-1 BCA ¶ 37,353 at 181,628. "[T]he government position is more likely to be substantially justified when greater 'legal uncertainty' is presented." *SST (Supply & Serv. Team) GmbH*, ASBCA No 59630, 18-1 BCA ¶ 36,932 at 179,932 (citing *Rex Sys., Inc.*, ASBCA No. 52247, 02-1 BCA ¶ 31,760 at 156,855).

The Navy maintains it was substantially justified in litigating the claim for *Eichleay* damages. It raises three bases for why it was substantially justified. First, the Navy argues that it reasonably believed Alderman and Big John's could not prove their workforces were on standby (gov't resp. at 3-4). Second, the Navy argues that it had no other choice than to litigate the claim because Alderman and Big John's failed to provide adequate documentation supporting the alleged costs (gov't resp. at 4-5). Lastly, the Navy notes that Alderman rejected a reasonable settlement offer (gov't resp. at 5-6).

1. Standby

The Navy notes that it "never explicitly directed Alderman or Big John's to be on standby, prior to contract performance" (gov't resp. at 3), which we agreed with in our 2020 decision. *Alderman*, 20-1 BCA ¶ 37,613 at 182,568 ("[T]he Navy did not explicitly require Alderman or Big John's to place their workforces on standby."). "In order to recover unabsorbed overhead costs using the *Eichleay* formula, *Eichleay Corp.*, ASBCA No. 5183, 60-2 BCA ¶ 2688, *aff'd on reconsid.*, 61-1 BCA ¶ 15,117, [Alderman] had to show that it was required unreasonably to stand-by during the period of the delay without staff reduction and that it was impractical to take on additional jobs during this period." *Alvarez & Assocs. Constr. Co.*, ASBCA No. 50185, 97-2 BCA ¶ 29,320 at 145,789 (citing *Daly Constr. Inc. v. Garrett*, 5 F.3d 520 at 522 (Fed. Cir. 1993)).

We previously addressed the question of standby in our December 9, 2014 decision on the parties' cross-motions for summary judgment. *See Alderman Bldg. Co.*, ASBCA No. 58082, 15-1 BCA ¶ 35,841 at 175,273-74. In that decision we found that the evidence "show[ed] that [Alderman] had employees on standby during the delay period, but [left] open the question of whether they were 'required to be ready to resume work' by the Navy." *Id.* at 175,274 (citing *P.J. Dick Inc. v. Principi*, 324 F.3d 1364, 1371 (Fed. Cir. 2003). Thus, we found that there was a triable issue regarding standby. *Alderman*, 15-1 BCA ¶ 35,841 at 175,274.

While we agreed with the Navy that it did not explicitly order Alderman or Big John's to place their workforces on standby (*Alderman*, 20-1 BCA ¶ 37,613 at 182,568), Alderman asserted it was entitled to *Eichleay* damages based on indirect evidence of standby (app. reply br. at 5-6). In cases where the CO does not issue an explicit order to be on standby, the contractor must prove standby by indirect evidence. *P.J. Dick*, 324 F.3d at 1371.

4

On the question of indirect evidence, we found "that contract performance was characterized by repeated government-caused delays that aggregated to 263 days . . . ." *Alderman*, 20-1 BCA ¶ 37,613 at 182,566. We found it was "the Navy's practice to afford Alderman and Big John's little advanced notification of the delays in the project's start dates." *Id.* at 182,568. Ultimately, we concluded it was necessary and reasonable for Alderman to keep its workforce on standby due to the "dwindling period of performance with no time extension" coupled with the threat of liquidated damages. *Id.* at 182,575.

The Navy's response to the EAJA application did not discuss the indirect evidence of standby. The fact that the Board agreed with the Navy on the question of whether there was an explicit order to be on standby, does not equate to the Navy's overall litigation position being substantially justified. "Substantial justification applies to the entirety of the litigation position and not just the posture on individual issues." *K&K Indus.*, 19-1 BCA ¶ 37,353 at 181,628. This is particularly applicable here, where the established law allowed the contractor to prove standby without an explicit order; specifically, by indirect evidence.

## 2. Documentation Supporting the Alleged Costs

The Navy argues that it was substantially justified because Alderman and Big John's failed to provide adequate documentation supporting the alleged costs incurred (gov't resp. at 4-5). The Navy maintains that this is demonstrated by the multiple supplements that Alderman's proffered expert made to his report (*id.* at 4). We are not persuaded by the Navy's argument. "The government bears the burden to show that its position was substantially justified." *K&K Indus., Inc.*, 19-1 BCA ¶ 37,353 at 181,628. The fact that Alderman's expert provided multiple supplements to his report does not in itself demonstrate that Alderman failed to provide documentation supporting the alleged costs. The Navy has failed to meet its burden in demonstrating how the documentation was insufficient.

## 3. Navy's Settlement Offer

Finally, the Navy maintains that Alderman's alleged rejection of a reasonable settlement offer in November 2015 left the Navy with no other choice than to continue litigating the appeal (gov't resp. at 5-6). The Navy notes that its settlement offer was close to Alderman's ultimate recovery amount (*id.* at 5). The rejection of a settlement offer may be "relevant to the reasonableness of the EAJA fees and costs that are to be awarded." *C.H. Hyperbarics, Inc., on behalf of William J. Miller, Jr., Trustee*, ASBCA No. 49375 *et al.*, 05-2 BCA ¶ 32,989 at 163,494. We address the relevance of the settlement negotiations in greater detail below in the quantum section of this decision. The Navy, however, has raised this issue as a factor in its substantial justification argument, which we do not find relevant here.

5

4. Substantial Justification Conclusion

Based upon our review of the record, the Navy has not persuaded us that its position was substantially justified.

*V. Special Circumstances*

The government has not contended that there are any special circumstances that would make an award of fees and costs unjust. 5 U.S.C. § 504(a)(1). We conclude that no special circumstances exist to preclude an EAJA award.

*VI. Quantum*

Alderman initially sought an enhanced attorneys' fees rate of $200 per hour (app. br. at 7). In response, the Navy properly noted that the Board has long held that it does not have discretion to award attorneys' fees in excess of the EAJA prescribed rate of $125 per hour (gov't resp. at 7-8). *See also* O*ptimum Servs.*, *Inc.*, ASBCA Nos. 58755, 59952, 17-1 BCA ¶ 36,816 at 179,431-32. Alderman's reply brief revised its requested EAJA award amount downward to account for the $125 per hour rate (app. reply br. at 28). To the extent that this is still an open issue, we find that Alderman's attorneys' fees rate is limited to $125 per hour.

The parties also agree that an EAJA award should not include any amounts for time spent on the denied direct costs of standby claim (app. br. at 6; gov't resp. at 10; app. reply br. at 28). *See also C.H. Hyperbarics*, 05-2 BCA ¶ 32,989 at 163,491 ("Where separate claims are involved they should be treated as separate lawsuits, and no fee should be awarded for services on unsuccessful claims."). In the underlying appeal, we denied the direct costs of standby claim and deducted the claimed amount from the overall recoverable amount. *Alderman*, 20-1 BCA ¶ 37,613 at 182,576. Accordingly, Alderman's EAJA award will not include any amounts for time spent on the denied direct costs of standby claim.

We now turn to the remaining areas of disagreement between the parties. The Navy's primary argument is that the Board should limit Alderman's EAJA award amount to its attorneys' fees and costs from the issuance of the contracting officer's final decision (COFD) on January 19, 2012,[3] to the rejection of the Navy's $34,000 settlement offer in November 2015 (gov't resp. at 5-7). The Navy also notes that the parties' decision not to

---

[3] We agree with the Navy that the date of the COFD is the beginning of the "adversary adjudication" for purposes of the EAJA (gov't resp. at 9). *See also Levernier Const.*, *Inv. v. United States*, 947 F.2d 497, 500 (Fed. Cir. 1991). Alderman's requested attorneys' fees and costs include amounts prior to January 19, 2012, but these amounts are relatively minor in comparison to its overall EAJA award request.

move forward with a planned alternative dispute resolution (ADR) session in February 2016 was another lost opportunity to resolve the appeal and should be considered in determining a reasonable EAJA award (gov't resp. at 8-9).

Conversely, Alderman's primary argument is that the EAJA award amount should not be curtailed by the settlement negotiations or decision to call off the ADR session (app. reply br. at 12-27). Alderman asserts that while the Board awarded it $34,795 for its *Eichleay* damages claim, this amounts to roughly $43,597.65 when interest is included (*id.* at 13). Next, Alderman argues that the Navy's $34,000 settlement offer "was not significant, because the $34,000 lump sum had to be apportioned among extended overhead, direct costs, interest, fees, and costs" (*id.* at 14). Alderman contends that:

> [T]he Navy's offer amounted to at most about $17,000 for extended overhead and direct costs. Assuming, *arguendo*, that the $34,000.00 lump sum was to be divided equally between the extended overhead and direct costs claims on the one hand and interest, fees, and costs on the other, it would mean that 50% of the lump-sum, or $17,000.00, was the part of the lump sum offered for the extended overhead and direct costs claims.

(*id.* at 15). Further, Alderman asserts that it never rejected the Navy's $34,000 settlement offer. Rather, Alderman maintains the offer remained on the table as the parties began to consider ADR. (*Id.* at 16) Leading up to the ADR session, Alderman argues that the Navy engaged in bad faith negotiation tactics by "re-litigating" issues and lowering its offer in the Navy's mediation statement (*id.* at 17-18). Alderman notes that the parties mutually agreed to call off the ADR session (*id.* at 19). Finally, Alderman asserts that its fees were reasonable and proportional to the amount recovered (*id.* at 19-27).

The parties both cite *States Roofing Corp.*, ASBCA No. 55505, 11-1 BCA ¶ 34,668 as instructive in determining the reasonableness of an EAJA award amount (gov't resp. at 9; app. reply br. at 12-13). In *States Roofing*, the contractor "incurred $211,191 in fees and costs to obtain $352,976 (largely exclusive of CDA interest) just $2,976 more than the $350,000 settlement offered by the [government]." 11-1 BCA ¶ 34,668 at 170,781. The Board found this amount to be "grossly disproportionate" and adopted a reasonableness approach to determine the final EAJA award amount. *Id.* We believe a similar approach is appropriate here.

The parties agree that on November 4, 2015, the Navy made a $34,000 lump sum settlement offer (gov't resp. at 5; app. reply br. at 16, ex. 17). The Navy maintains that Alderman rejected the settlement offer (gov't resp. at 5), while Alderman asserts that it never rejected the offer (app. reply br. at 16). However, it is clear that on November 9, 2015, the parties notified that Board that they agreed to pursue ADR. The Board scheduled the ADR for February 17-18, 2016. It is also clear that in anticipation of the ADR, on

7

February 3, 2016, the Navy submitted its mediation statement, which included a lump sum settlement offer of $20,421.60 (gov't resp. at 8-9; app. reply br. at 17-18). Thereafter, on February 9, 2016, the Board held a conference call during which the parties requested to cancel the ADR session.

Similar to *States Roofing*, under the circumstances, we find it useful to look at Alderman's attorneys' fees and costs incurred before and after cancellation of the ADR session. Alderman provided a breakdown of these costs in its rebuttal:

Before Cancellation of the ADR Session

| | | |
|---|---|---|
| Marilyn H. David, attorney's fees | | $37,968.75 |
| Russell S. Gill, attorney's fees | + | $3,125.00 |
| Legal expenses and costs | + | $11,282.47 |
| Deducting fees and costs for Direct Costs Claim | – | $889.50 |
| Total: | = | **$51,486.72** |

(App. reply br. at 26)

After Cancellation of the ADR Session

| | | |
|---|---|---|
| Marilyn H. David, attorney's fees | | $25,843.75 |
| Legal expenses and costs | + | $25,318.09 |
| Deducting fees and costs for Direct Costs Claim | – | $2,135.50 |
| Total: | = | **$49,026.34** |

(*Id.* at 27)

Alderman's revised requested EAJA award combines its attorneys' fees and costs before and after the cancelled ADR session, totaling $100,513.06 ($51,486.72 + $49,026.34 = $100,513.06). Alderman requests an additional $9,741.93 for preparation of its EAJA application and rebuttal. Alderman's revised total is $110,254.99 (*id.* at 34). Conversely, the Navy proposes that a reasonable EAJA award would be $42,233.78[4] (gov't resp. at 13).

After cancellation of the ADR session, Alderman incurred an additional $49,026.34 in attorneys' fees and costs to obtain $34,795 (excluding interest) for its *Eichleay* damages claim. This was just $795 more than the government's $34,000 settlement offer. It was also only $14,373.40 more than the government's proposed lump sum payment in its mediation statement. Compared with either the Navy's settlement

---

[4] As discussed above, the Navy's proposed EAJA award limits recovery "from the issuance of the COFD on 19 January 2012 to the rejection of the Navy's reasonable settlement offer in November 2015" (gov't resp. at 13).

8

offer or the amount proposed in the mediation statement, we find Alderman's attorneys' fees and costs to be disproportionate to its ultimate recovery amount. Accordingly, we find it reasonable to disregard those attorneys' fee and costs incurred after cancellation of the ADR session.

We have also considered the nature and relative complexity of the *Eichleay* damages claim, the relationship between it and the denied direct costs of standby claim, and degree of success Alderman obtained (app. reply br. at 12-13). *See also States Roofing*, 11-1 BCA ¶ 34,668 at 178,781.

Consistent with the aforementioned discussion, we believe a reasonable EAJA award includes only those attorneys' fees and costs incurred before the cancelled ADR session and those associated with preparing the EAJA application. We disregard those attorneys' fees and costs incurred prior to issuance of the COFD and those relating to the denied direct costs of standby claim. Alderman listed its attorneys' fees and costs before cancellation of the ADR session as $51,486.72. Alderman already deducted its fees and costs related to the denied direct costs of standby claim. (App. reply br. at 26). However, this amount does include some attorneys' fees and costs incurred prior to issuance of the COFD. We disregard the 25 hours ($3,125) attributed to Russell S. Gill, PLLC from April 27, 2011 to July 14, 2011 (*see* app. br., ex. 11 at 63-65). We also deduct one hour ($125) billed by attorney Marilyn H. David on January 8, 2012 (*see* app. br., ex. 12 at 70). Finally, we deduct $302.59 for legal expenses and costs incurred on July 20, 2011 (*see* app. br., ex. 11 at 63). After adding in the $9,741.93 for preparation of the EAJA application (*see* app. reply br. at 30-31), we conclude that an award of $57,676.06 is reasonable as summarized in the table below:

<u>EAJA AWARD</u>

| | | |
|---|---|---:|
| Add Attorneys' fees and costs before cancellation of ADR | | $51,486.72 |
| Deduct 25 hours attributed to Russell Gill from April 27 to July 14, 2011 | – | $3,125.00 |
| Deduct one hour billed by Marilyn David on January 8, 2012 | – | $125.00 |
| Deduct legal expenses and costs incurred on July 20, 2011 | – | $302.59 |
| Add costs for preparation of the EAJA application | + | $9,741.93 |
| Total: | = | **$57,676.06** |

CONCLUSION

Alderman is awarded $57,676.06 in recoverable EAJA fees and costs.

Dated:  April 28, 2022

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

JAMES SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals on an application for fees and other expenses incurred in connection with ASBCA No. 58082-EAJA, Appeal of Alderman Building Co., Inc., rendered in conformance with 5 U.S.C. § 504.

Dated:  April 28, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals